# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTONIO CRUZ, | : | |
| Plaintiff, | : | CIV. ACTION NO. 3:25-CV-665 |
| v. | : | (JUDGE MANNION) |
| ULLI KLEMM, *et al.*, | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Plaintiff John Cruz is an individual incarcerated in the Pennsylvania Department of Corrections ("Department") at the State Correctional Institute at Benner Township ("SCI-Benner Township"). Defendants are Laurel R. Harry (Secretary of the Department), and Ulrich Klemm (Religious Services Administrator). On April 15, 2025, Cruz filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment and Fourteenth Amendment rights, as well as his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Specifically, Cruz claims that his Jewish faith requires that he consume certain foods during certain holidays, and the Department did not permit him to do so in 2023. (Doc. 1 at ¶¶ 9-13). Cruz is suing Defendants Harry and Klemm in their individual and official capacities, and seeks injunctive relief, $20,000 in punitive damages, declaratory relief, and any other relief the Court deems appropriate. (Doc. 1 at ¶¶ 5, 17-19).

1

Defendants Harry and Klemm seek dismissal of the Complaint in its entirety for the reasons outlined below.

## Statement of Alleged Facts[1]

Cruz is a member of the Jewish faith. (Doc. 1 at ¶ 9). He is on the Department-provided kosher diet. (Doc. 1 at ¶ 9). He was signed up for Passover and the Feast of the Unleavened Bread on April 6, 2023 and April 13, 2023. (Doc. 1 at ¶ 10). On April 2, 2023, Cruz was informed by the chaplain at his prison that no foods could be purchased from an outside vendor for the ceremonial meals, but an institutional meal would be provided per policy. (Doc. 1 at ¶ 11). When Cruz asked about foods being provided from the "kosher special diet", he was told that only the eggs would be provided. Cruz met with Defendant Klemm on April 13, 2023, and was told that the mandated foods would not be provided to him because then other faith groups would require mandated foods as well. (Doc. 1 at ¶ 13). The policy changed again after that date, and do not reflect the mandates and prohibitions of Jewish religious requirements. (Doc. 1 at ¶ 14). Cruz's religion requires that he have access to "required foods" on six occasions per year: Shabbath, Pesach, Shabu'oth, Yom Te'urah, Evening after Yom Kippur, and Sukkoth. (Doc. 1 at ¶ 17).

---

[1] All facts are alleged by Plaintiff and not admitted by Defendants.

## Statement of Questions Presented[2]

I. Should all claims against Defendants in their official capacities be dismissed under the doctrine of sovereign immunity?

II. Should all claims against Defendants in their official capacities for money damages be dismissed under the doctrine of qualified immunity?

III. Should all claims against Defendants Harry and Klemm in their individual capacities be dismissed because Cruz has not alleged adequate personal involvement?

IV. Should all claims against Defendants Harry and Klemm in their individual capacities be dismissed because Cruz failed to state a claim upon which relief can be granted?

V. Should the First and Fourteenth Amendment claims against Defendants in their individual capacities for compensatory damages be dismissed because Cruz has claimed no actual physical injuries?

VI. Should the RLUIPA claims against Defendants in their individual capacities for monetary damages be dismissed because RLUIPA does not permit such claims?

## Arguments

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3rd Cir. 1980). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3rd Cir. 1989). However, a court "need not credit a complaint's bald assertions or legal

---

[2] All suggested answers are in the affirmative.

conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997) (internal quotation marks omitted).

A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief" and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3rd Cir. 2008) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 n. 3). "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. All claims against Defendants Harry and Klemm in their official capacities should be dismissed under the doctrine of sovereign immunity.

Cruz sued Defendants Harry and Klemm, both state officials, in their official capacities. (Doc. 1 at ¶ 5). Absent consent by the State, the Eleventh Amendment bars suits for damages in federal court by a private party against states, state agencies and state officials in their official capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (state officials sued in their official capacities are immunized from federal suit); *Melo v. Hafer*, 912 F.2d 628, 642 (3rd Cir.1990), aff'd, 502 U.S. 21, 31 (1991). A suit against a

state agency or official in his official capacity is barred, regardless of the relief requested. *Seminole Tribe*, 517 U.S. at 58; *Edelman v. Jordan*, 415 U.S. 651, 667 (1974); *Papasan v. Allain*, 478 U.S. 265 (1986); *Lavia v. Pennsylvania DOC*, 224 F. 3d 190, 195 (3rd Cir. 2000).

Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the Eleventh Amendment. *Pennhurst*, 465 U.S. at 121. Specifically, § 1983 does not override the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). While a state may consent to be sued in federal court, e.g., *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe*, 517 U.S. at 55-56; *Pennhurst*, 465 U.S. at 99 (waiver must be "unequivocally expressed"), Pennsylvania has expressly withheld consent. 42 Pa. C.S. § 8521(b); 1 Pa. C.S. § 2310; *Laskaris v Thornburgh*, 661 F. 2d 23, 25 (3rd Cir. 1981).

Here, Defendants Harry and Klemm are state officials and thus barred from suit in their official capacities under the doctrine of sovereign immunity.

**II.    All claims against Defendants in their official capacities for money damages should be dismissed because Defendants are entitled to qualified immunity.**

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards,* 566 U.S. 658, 664 (2012). "To be clearly established, a right must be sufficiently clear

that every reasonable official would have understood that what he is doing violates that right." *Id*. "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

Defendants were not and are not on notice of any clearly established right of Cruz to have the Department coordinate, prepare, and serve optional menu items consisting of particular foods specific to his religious beliefs for six ceremonial meals per year. The Western District of Pennsylvania federal district court recently agreed in an opinion on the same Department policy. *Williams v. Little, et. al.,* 1:23-cv-00037, Doc. 137 (July 26, 2024)(summary judgment granted because qualified immunity applied). Qualified immunity also Defendants in their official capacities from monetary damages in this case.

 **III.**   **All claims against Defendants Harry and Klemm in their individual capacities should be dismissed because Cruz has not alleged adequate personal involvement.**

"A defendant in a civil rights action must have personal involvement in the alleged wrongdoing…Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir.1988); *Evancho v. Fisher*, 423 F.3d 347, 353 (3rd Cir. 2005). "Alleging a mere hypothesis that an individual defendant had personal knowledge of or involvement in depriving the plaintiff of his rights is

insufficient to establish personal involvement." *Gannaway v. Prime Care Medical Inc.*, 150 F.Supp.3d 511, 526-27 (E.D. Pa. 2015) (citing *Rode,* 845 F.2d at 1208). Further, supervisory personnel are not liable for the constitutional violations of their subordinates unless the violations occurred with their knowledge and consent. *Rode*, 845 F.2d at 1207. The doctrine of *respondeat superior* may not be used to impose liability against a government or supervisor solely by virtue of his position. *Monell v. Department of Social Services*, 436 U.S. 658, 690-695 (1978). A supervisory official's misconduct cannot be merely a failure to act. *Pennsylvania v. Porter,* 659 F.2d 306, 336 (3rd Cir. 1981), *cert. denied*, 458 U.S. 1121 (1982). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise, or discipline so as to prevent such conduct." *Brown v. Grabowski,* 922 F.2d 1097, 1120 (3rd Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode,* 845 F.2d at 1207.

Here, Plaintiff sued Defendants Harry (Secretary of the DOC) and Klemm (Director of Religious Services) because of their roles in the policy-making process. Such general assertions do not draw a direct connection between Defendant Harry and the alleged violations—indeed Cruz makes no attempt whatsoever to draw that connection. With respect to Defendant Klemm directly, Cruz only notes that he had a conversation with Defendant Klemm wherein he

7

acknowledged that certain foods are prohibited and others are mandated in the Jewish faith. Such a conversation draws no connection with a particular policy, a policy change, or the carrying out of a policy in an unconstitutional or statutorily-violative way. Defendants Harry and Klemm should be dismissed accordingly for lack of adequate allegations regarding their personal involvement.

**IV. All claims against Defendants Harry and Klemm in their individual capacities should be dismissed because Cruz failed to state a claim upon which relief can be granted.**

Cruz's complaint alleges violations of his First Amendment and Fourteenth Amendment rights, as well as his rights under RLUIPA. (Doc. 1 at ¶¶ 4-17).

To state a claim under RLUIPA, the inmate must show that the Department's policy implicates his sincerely held religious beliefs (and not some other motivation), and that the government has substantially burdened that exercise of religion. *Holt v. Hobbs*, 574 U.S. 352 (2015). The denial must also be the least restrictive means available to achieve the government's compelling interest in denying the accommodation. *Id*. at 864. A substantial burden exists where: "1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Washington v. Klem,* 497 F.3d 272, 280 (3rd

8

Cir. 2007). "A plaintiff bears the initial burden of proving that a prison policy implicates his religious exercise." *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022) (internal citations and quotations omitted). "Although RLUIPA protects any exercise of religion, whether or not compelled by, or central to, a system of religious belief, a prisoner's requested accommodation must be sincerely based on a religious belief and not some other motivation." *Id*. "The burden on the prisoner's religious exercise must also be substantial. Once a plaintiff makes such a showing, the burden flips and the government must demonstrate that imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest. *Id*.

"RLUIPA does not require a State to pay for an inmate's devotional accessories." *Cutter v. Wilkinson*, 544 U.S. 709, 722 n. 8 (2005). Further, food restrictions do not inherently curtail inmates right to free exercise of religion. *Garraway v. Lappin*, 490 Fed. Appx. 440, 445 (3rd Cir. 2012); *Williams v. Morton*, 343 F.3d 212, 220 (3rd Cir. 2003). Prisons can provide categories of meals that comply with several religions and do not have to create individualized diets for each and every inmate. Requests for several feasts, fasts, and other specialized treatment for one inmate can be perceived by other inmates as showing favoritism and foster jealousy within the prison. *Id.*; see also *DeHart v. Horn*, 227 F.3d 47, 53 (3rd Cir. 2000). Finally, no substantial burden exists where prisons do not provide

9

inmates with a halal diet when a no animal products/vegetarian diet is available to them. *Riley v. DeCarlo*, 532 Fed. Appx. 23 (3rd Cir. 2010).

Cruz makes a few overarching statements in his complaint that he is of the Jewish faith and the Department is denying him mandated foods to celebrate holidays. (Doc. 1 at ¶¶ 9-14). He does not mention the foods he is seeking, how they are connected to his religion, or the actions taken by Defendants to prohibit his access to such foods. Such barebones allegations fail to state a RLUIPA claim upon which relief can be granted.

Cruz also mentions the First Amendment free exercise clause and the Fourteenth Amendment due process requirements in passing in his complaint, but does indicate at all *how* those rights were violated. (Doc. 1 at ¶¶ 1, 16). As such, Cruz failed to state a claim with regard to these allegations as well.

**V.   First Amendment claims against Defendants in their individual capacities for monetary damages should be dismissed because Plaintiffs have claimed no actual physical injuries.**

Section 1997e(e) of the Prison Litigation Reform Act limits compensatory damages to cases where physical injury occurred. The section entitled "Limitation on recovery" provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "It is well settled that compensatory damages under § 1983 are

governed by general tort-law compensation theory." *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3rd Cir. 2000)(Section 1997e(e) of the PLRA barred plaintiff's claim for compensatory damages because the "only actual injury that court could form the basis for the award [plaintiff] seeks would be mental and/or emotional injury."). "Substantial damages may only be awarded to compensate for actual injury suffered as a result of the violation of a constitutional right." *Id.*; s*ee also Carey v. Piphus*, 435 U.S. 247, 248 (1978)(absent proof of actual injury, compensatory damages may not be awarded). "[T]he abstract value of a constitutional right," the Supreme Court has stated, may not form the basis for § 1983 damages." *Memphis Community Sch. Dist v. Stachura*, 477 U.S. 299, 308 (1986).

In addition to injunctive relief and punitive damages, Cruz's complaint may seek monetary damages. Cruz does not claim any of the types of injuries that would qualify for monetary damages; therefore, any such claims should be dismissed.

**VI. The RLUIPA claims against Defendants in their individual capacities for monetary damages should be dismissed because RLUIPA does not permit such claims.**

RLUIPA does not permit monetary claims against government actors in their individual capacities. *Sharp v. Johnson*, 669 F.3d 144, 155 (3rd Cir. 2012). As such, RLUIPA claims against Defendants Harry and Klemm in their individual capacities for monetary damages must be dismissed.

## **Conclusion**

Based on the foregoing arguments, Defendants respectfully request that the Complaint be dismissed in its entirety with prejudice.

                                                              Respectfully submitted,

                                                              Office of General Counsel,

                                                              /s/ Abby N. Trovinger
                                                              Abby N. Trovinger, Assistant Counsel
                                                              Attorney ID No.: 308329
                                                              PA Department of Corrections
                                                              1920 Technology Parkway
                                                              Mechanicsburg, PA  17050
                                                              E-mail: atrovinger@pa.gov

Date: August 19, 2025

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN ANTONIO CRUZ, | : | |
| Plaintiff, | : | CIV. ACTION NO. 3:25-CV-665 |
| v. | : | (JUDGE MANNION) |
| ULLI KLEMM, *et al.*, | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Defendants' Brief in Support of Motion to Dismiss the Complaint* was sent by regular mail to the following person at the following address:

> Smart Communications/ PA DOC
> John Cruz/ #MQ0839
> SCI-Benner Township
> PO Box 33028
> St. Petersburg, FL 33733

By: s/ Abby N. Trovinger
Abby N. Trovinger, Assistant Counsel
Attorney I.D. No. PA308329
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Dated: August 19, 2025        Email: atrovinger@pa.gov

13