**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN ANTONIO CRUZ,      :

        Plaintiff,    :    CIV. ACTION NO. 3:25-CV-665

      v.      :    (JUDGE MANNION)

ULLI KLEMM, *et al*.,    :

        Defendants    :

## ANSWER TO PLAINTIFF'S COMPLAINT

Remaining Defendants Harry and Klemm, by and through counsel, hereby Answer Plaintiff's Complaint (Doc. 1) as follows:

### INTRODUCTION

1.    Denied that any violations of state or federal law occurred, and strict proof thereof is demanded at trial.

2.    Admitted.

3.    Admitted as to Cruz' status as a state prisoner and resides at SCI Benner Township. The remainder of the averment is not known, so it is denied and strict proof thereof is demanded at trial.

4.    Admitted that Laurel R. Harry is the Secretary of the Pennsylvania Department of Corrections ("Department") and Ulrich Klemm is the Religious

Services Administrator for the Department. The remainder of the averment is denied and strict proof thereof is demanded at trial.

5. Admitted that Harry and Klemm were originally sued in their official and individual capacities. Per court order, RLUIPA claims against Harry and Klemm in their official capacities for damages are dismissed. (Doc. 21).

6. Admitted.

7. Defendants are without knowledge to form a belief as to the veracity or accuracy of the averment. The averment is therefore denied, and strict proof thereof is demanded at trial.

## COUNT 1

1-7. No response is required because this is an incorporation averment only. If a response is required, this averment is denied and strict proof thereof is demanded at trial.

8. Admitted.

9. Admitted in part, denied in part. Admitted that Cruz was previously housed at SCI Graterford, SCI Camp Hill, and SCI Fayette. Admitted that Cruz is currently housed at SCI Benner. Admitted that Cruz's identified a faith preference as Jewish: Orthodox/Conservative/Reform/Reconstructionist on March 3, 2017. Admitted that Cruz has maintained an approved Kosher diet since October 19, 2018. Th remainder of the averment is denied and strict proof thereof is demanded at trial.

10.   After reasonable investigation and inquiry, Defendants are without knowledge as to the veracity of this averment. Therefore, denied as stated and strict proof thereof is demanded at trial.

11.   This averment is denied as stated and strict proof thereof is demanded at trial.

12.   Admitted in part, denied in part. Admitted that Defendant Klemm was present at SCI Benner Township on April 13, 2023. By way of further answer, Klemm was there to conduct an audit and met with twelve (12) inmates as a standard part of that process. Admitted that the Department policy change from ceremonial meals to fellowship meals was discussed. Denied as to the remainder of the averment and strict proof thereof is demanded at trial.

13.   This averment is denied as stated and strict proof thereof is demanded at trial.

14.   This averment is denied as stated and strict proof thereof is demanded at trial.

15.   This averment is denied as stated and strict proof thereof is demanded at trial.

16.   Plaintiff's demands for relief are denied and strict proof thereof is demanded at trial.  It is the position of Defendants that Plaintiff is not entitled to any relief.

17. Plaintiff's demands for relief are denied and strict proof thereof is demanded at trial. It is the position of Defendants that Plaintiff is not entitled to any relief.

18. Plaintiff's demands for relief are denied and strict proof thereof is demanded at trial. It is the position of Defendants that Plaintiff is not entitled to any relief.

19. Plaintiff's demands for relief are denied and strict proof thereof is demanded at trial. It is the position of Defendants that Plaintiff is not entitled to any relief.

20. Plaintiff's demands for relief are denied and strict proof thereof is demanded at trial. It is the position of Defendants that Plaintiff is not entitled to any relief.

21. No response is required as this averment is a jury demand.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants acted at all times within the scope of their authority and without any actual or imputed knowledge that their actions violated any of Plaintiff's constitutional or statutory rights and, therefore, are immune from suit.

## SECOND AFFIRMATIVE DEFENSE

Defendants at all times were acting in reliance upon valid federal and state laws and regulations, and are therefore immune from suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by sovereign immunity and are not waived by any of the exceptions thereto.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, any actions or inactions of Defendants were done within the scope of their authority in good faith and without malice, and therefore, are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Any actions or inactions committed by Defendants were done pursuant to duties required by statute, regulation or directive and therefore the Defendants are immune from suit.

## SIXTH AFFIRMATIVE DEFENSE

Defendants assert all limitations upon the Plaintiff's claims set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's operative complaint should be dismissed because he failed to exhaust available administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e (a).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's operative complaint should be dismissed because Defendants did not violate any of his religious rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.*

Respectfully submitted,

Office of General Counsel

By:   /s/ Abby N. Trovinger
         Abby N. Trovinger, Assistant Counsel
         Attorney ID No. PA308329
         Pa. Department of Corrections
         1920 Technology Parkway
         Mechanicsburg, PA 17050
Dated: January 29, 2026     atrovinger@pa.gov

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN ANTONIO CRUZ, | : | |
| Plaintiff, | : | CIV. ACTION NO. 3:25-CV-665 |
| v. | : | (JUDGE MANNION) |
| ULLI KLEMM, *et al.*, | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Defendants' Answer to Plaintiff's Complaint* was sent by regular mail to the following person at the following address:

Smart Communications/ PA DOC
John Cruz/ #MQ0839
SCI-Benner Township
PO Box 33028
St. Petersburg, FL 33733


By: s/ Abby N. Trovinger
Abby N. Trovinger, Assistant Counsel
Attorney I.D. No. PA308329
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Dated: January 29, 2026          Email: atrovinger@pa.gov